UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 12-62357-Civ-SCOLA

U.S. SPECIALTY INSURANCE
COMPANY,

        Plaintiff,

v.

JET ONE EXPRESS, INC., THE ESTATE
OF ANTONIO EVANGELISTA
TAVAREZ-NATALIO, and THE ESTATE
OF URIEL BRISTOL,

        Defendants.
_____/

**MOTION TO QUASH SERVICE OF PROCESS
AND NOTICE OF LIMITED APPEARANCE**

Pursuant to Fed. R. Civ. P. 12(b), Parinaz M. Bristol ("Bristol"), as the wrongfully named Personal Representative of THE ESTATE OF URIEL BRISTOL, through counsel, enters a special appearance and moves to Quash Service of Process of the Amended Complaint for Declaratory Judgment improperly served on her, and in support hereof further states as follows:

**Introduction**

Bristol enters a limited appearance for the purposes of challenging service of process and this Court's jurisdiction because of improper and/or insufficient of service of process. Service of process and process should be quashed because Parinaz Bristol is not the Personal Representative of THE ESTATE OF URIEL BRISTOL. A copy of the Summons and Complaint was served on December 14, 2012 at 5:17 p.m., on Parinaz Bristol, as the wrongfully named Personal Representative of THE ESTATE OF URIEL BRISTOL. The Summons making the

improper characterization [DE 9] states "The Estate of Uriel Bristol by serving Personal Representative Parinaz M. Bristol". Parinaz Bristol was not and is not the Personal Representative of Defendant.  A copy of Bristol's Affidavit is attached as *Exhibit A*.  A copy of Bristol's Return of Service is attached as *Exhibit B*.

## Memorandum of Law

Under Florida law, "service of process if the means of notifying a party of a legal claim and, when accomplished, enables the court to exercise jurisdiction over the defendant and proceed to judgment." *Borden v. East-European Insurance Co.,* 921 So.2d 587 (Fla. 2006). Statutes governing service of process are strictly construed and enforced "because of the importance of litigants receiving notice of actions against them." *Shurman v. Atl. Mortg. & Inv. Corp.,* 795 So.2d 952 (Fla. 2001). It is well-settled law that the real purpose of service is to "give proper notice to the defendant in the case that he is answerable to the claim of plaintiff and, therefore, to vest jurisdiction in the court entertaining the controversy." *State ex rel. Merritt v. Heffernan,* 142 Fla. 496 (Fla. 1940). "Proper service of process is indispensable to the jurisdiction of a court to adjudge the competing claims of parties to a litigation." *The Mac Organization v. Harry Rich Corp.,* 374 So.2d 81 (Fla. 3d DCA 1979).

Case law draws a distinction between minor deficiencies which do not invalidate service and "'void' service, which fails to confer jurisdiction over the defendant." *Seymour v. Panchita Inv., Inc.,* 28 So.3d 194 (Fla. 3d DCA 2010).  In *Seymour,* the Court held that a summons erroneously identifying the defendant personally as the individual being served was void because it did not identify that the corporation was being served, or that the individual was only being served as a registered agent or corporate officer of the corporation. *Id.*  In *McLendon v. Smith*, 589 So.2d 410 (Fla. 5th DCA 1991), a factually similar case where the Plaintiff served a party

other than the correct personal representative of the estate, the court found service to be insufficient to establish jurisdiction over her as personal representative of an estate. In *McLendon*, the plaintiff served the correct person, but not in her capacity as personal representative. In the instant case, the individual served is not the Personal Representative of THE ESTATE OF URIEL BRISTOL, so the issue is not one of a technical variance or minor deficiency. Instead, the summons and complaint in this case fail altogether to summon the proper Defendant, THE ESTATE OF URIEL BRISTOL.

Accordingly, it is respectfully submitted for the reasons set forth above, that the Court should grant this Motion to Quash Service of Process and to dismiss for lack of jurisdiction over Parinaz Bristol.

## Conclusion

The undersigned counsel respectfully requests that this Court quash the foregoing service of process and dismiss the action, and if this motion is denied, then allow counsel 20 days to file other defensive motions directed to the Amended Complaint for Declaratory Judgment.

## Certificate of Good Faith Conference

The undersigned counsel hereby represents that a teleconference with counsel for Plaintiff, Wallace C. Magathan was held on January 10, 2013, in a good faith effort to resolve by agreement the issues raised in the motion without court action, and was unable to do so.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served on 10 January 2013 via electronic format in accordance with Administrative Order 2006-26.

                         **GRIFFIN & SERRANO, P.A.**
Attorneys for PARINAZ BRISTOL
Blackstone Building, Sixth Floor
707 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Fax: (954) 462-4009

/s/ Lisa Heller
_____
Juan R. Serrano
Florida Bar No. 319510
Lisa Heller
Florida Bar No. 96658

Service List

Wallace C. Magathan, III, Esq.
LAW OFFICES OF WALLACE C. MAGATHAN, P.A.
9350 S. Dixie Highway, Suite 1000
Miami, FL 33156
Facsimile: (305) 670-2255
wmagathan@magathanlaw.com