UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-62357-Civ-SCOLA

U.S. SPECIALTY INSURANCE CO.,

    Plaintiff,
vs.

JET ONE EXPRESS, INC. et al.,

    Defendants.
_____/

## ORDER ON MOTIONS TO DISMISS

THIS MATTER is before the Court upon the Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 27], filed by Defendant LaVerne Tavarez ("Tavarez"), and the Motion to Dismiss Amended Complaint and/or, Alternatively, Motion for More Definite Statement [ECF No. 10], filed by Defendant Jet One Express, Inc. ("Jet One"), For the reasons explained below, Tavarez's motion is granted, while Jet One's motion is denied.

Plaintiff U.S. Specialty Insurance Co. ("U.S. Specialty") issued an aircraft insurance policy to Jet One that provided coverage for operation of certain aircraft, including a Convair 440. A copy of the insurance policy is attached to the Amended Complaint. On or about March 15, 2012, the Convair aircraft crashed into the Torrecilla Lagoon shortly after takeoff from Luis Munoz Marin International Airport in San Juan, Puerto Rico. The pilots of the aircraft, Antonio Evangelista and Uriel Bristol, died in the crash. U.S. Specialty filed this lawsuit, seeking a declaratory judgment that the insurance policy provides no coverage for any claims arising out of the crash. Jet One, as the insured, and the decedents' estates are the Defendants.

Tavarez, as personal representative of decedent Antonio Evangelista, moves to dismiss on personal jurisdiction grounds. She argues that, under Rule 12(b)(2), the Amended Complaint should be dismissed as to her because she resides in the Virgin Islands and has insufficient minimum contacts with the forum to satisfy Florida's long arm statute. She attaches to her motion an affidavit detailing her lack of contacts with Florida. In response, U.S. Specialty states that on the basis of Tavarez's affidavit and argument, it does not oppose her request for dismissal for lack of personal jurisdiction.

The Court, upon considering the motion and affidavit, agrees that Tavarez should be dismissed from this case for lack of personal jurisdiction. To withstand a motion to dismiss, the plaintiff must plead sufficient facts to establish a prima facie case of jurisdiction over the non-resident defendant's person. *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 625 (11th Cir. 2010). The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). Here, the Amended Complaint only alleges that Tavarez is a resident and citizen of the U.S. Virgin Islands; it contains no allegations relating to personal jurisdiction over her in Florida. *See* Am. Compl. ¶ 4. Further, Tavarez filed an affidavit stating that she lives in the U.S. Virgin Islands and has never owned property in, lived in, or worked in the state of Florida. As she is not alleged to have any involvement in the events giving rise to this litigation, save her position as decedent's representative, Tavarez has insufficient contacts with this forum to satisfy the requirements of Florida's long arm statute. Therefore, this Court lacks personal jurisdiction over her.

Jet One also moves to dismiss, but on different grounds. Jet One argues that the Amended Complaint fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), because it contains contradictory allegations in support of U.S. Specialty's interpretation of the insurance policy. In particular, Jet One points to the fact that the Amended Complaint alleges that the decedents were both "pilots" and "passengers" of the aircraft. Jet One alternatively moves for more definite statement under Rule 12(e) because, it contends, the allegations make it impossible for Jet One to know how to frame a response to the Amended Complaint.

These arguments fail to persuade. First of all, the Federal Rules tolerate, at least to some extent, inconsistent allegations, so their mere presence does not automatically demand dismissal for failure to state a claim. *See, e.g.*, *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273-74 (11th Cir. 2009) (Rule 8(d) permits inconsistent allegations and, thus, "complaint is not subject to dismissal simply because it alleges that both [corporation's president], individually, and [the corporation] committed the tortious conduct, even if it would be impossible for both to be simultaneously liable"). Moreover, in the present case, the allegations do not even appear to be contradictory. As U.S. Specialty explains in opposing the motion, the policy, which is attached to the Amended Complaint, defines "passenger" as "any person who is in the aircraft or getting in or out of it[.]" *See* Policy [ECF No. 5-1] at Part One, ¶ 1(i). The policy does not appear to

provide a separate definition for "pilots." Because, under the policy definition, a person may still be a passenger even if he is also a pilot, the Amended Complaint's allegations are not necessarily contradictory. Thus, the Court will not dismiss on the argument that the allegations are too inconsistent.

Nor will the Court grant the motion for more definite statement. Rule 12(e) motions are generally disfavored because too often defendants argue that a more definite statement is needed simply to delay the progress of the plaintiff's case. *See Zyburo v. NCSPlus, Inc.*, 2012 WL 2368904, at *1 (M.D. Fla. June 22, 2012). Nevertheless, when truly merited, the Court may require a "more definite statement" if a pleading is "so vague or ambiguous that the [opposing] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Here, the allegations of the Amended Complaint are straightforward, uncomplicated, and sufficient to allow Jet One to prepare a response. While Jet One contends that it cannot formulate a response because the Amended Complaint contradicts itself by alleging that the decedents were both "pilots" and "passengers," that argument has already been rejected. The Court has found that, under the policy definitions, the allegations are not necessarily contradictory. Thus, there is no basis to require a more definite statement.

_____

Accordingly, for the reasons explained above, it is hereby **ORDERED and ADJUDGED** that Jet One's Motion to Dismiss Amended Complaint and/or, Alternatively, Motion for More Definite Statement [ECF No. 10] is **DENIED**, and Tavarez's Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 27] is **GRANTED**. On or before **July 17, 2013**, U.S. Specialty shall file a new Amended Complaint removing all allegations and claims pertaining to Tavarez. Once the new Amended Complaint is filed, Jet One shall have 21 days to file a response.

**DONE and ORDERED** in chambers, at Miami, Florida on July 9, 2013.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**